QUINN EMANUEL URQUHART & SULLIVAN, LLP
Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KIRAKOSIAN LAW, APC
Greg L. Kirakosian (SBN 294580)
greg@kirakosianlaw.com
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 986-5389
Facsimile: (213) 986-5389

*Attorneys for Defendants Tyler Bennett; Geoff Plourde : GetATaxLawyer.com, LLC; American Tax Solutions, LLC; Terrance Selb; and Defendant and Counter-Claimant American Tax Solutions, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NATIONWIDE TAX EXPERTS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TERRANCE SELB, TYLER BENNETT, GEOFF PLOURDE, AMERICAN TAX SOLUTIONS, INC., GETATAXLAWYER.COM, LLC, BEN GRAUPNER, BEN GRAUPNER INC., DONDAMONDE BARNES, and LEGAL TAX DEFENSE, INC.,<br><br>Defendants. | CASE NO. 2:20-cv-10090-CAS-MAA<br><br>Assigned to Hon. Christina A. Snyder<br><br>**DEFENDANT AMERICAN TAX SOLUTIONS, INC.'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>Action Filed: November 3, 2021<br><br>**JURY TRIAL DEMANDED** |

Defendant American Tax Solutions, Inc. ("Defendant" or "ATS Inc") for itself, and no other, answers Plaintiff Nationwide Tax Experts, Inc.'s ("Plaintiff" or "Nationwide") Second Amended Complaint ("SAC") as follows:

## INTRODUCTION[1]

1. Answering Paragraph 1, Defendant denies the allegations of this paragraph.

2. Answering Paragraph 2, Defendant admits that Selb is a disbarred attorney who used to work as a consultant for Nationwide and that Selb was terminated by Nationwide in March 2018. Defendant denies the remaining allegations of this paragraph.

3. Answering Paragraph 3, Defendant admits that Defendant advertises by mail. Defendant denies the remaining allegations of this paragraph.

4. Answering Paragraph 4, Defendant lacks sufficient information and knowledge to form a belief as to the truth of these allegations. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

5. Answering Paragraph 5, Defendant denies the allegations of this paragraph.

6. Answering Paragraph 6, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

7. Answering Paragraph 7, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## PARTIES

8. Answering Paragraph 8, Defendant admits that Nationwide is based in Glendale. Defendant lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is

---

[1] Defendant's inclusion of the headings is strictly to mirror the SAC and is not an admission or adoption of the stated heading. To the extent that any of the headings is construed to contain allegations of facts, Defendant denies any such allegations.

required, Defendant denies the remaining allegations of this paragraph.

9. Answering Paragraph 9, Defendant admits that American Tax Solutions Inc. and GATL are both tax assistance firms, that ATS is based in Los Angeles, California, and that Selb and Bennett run ATS and GATL. Defendant denies that Defendant is based in Los Angeles, California. Defendant denies that ATS LLC is a tax assistance firm. Defendant denies that Plourde runs ATS or GATL. Defendant denies that ATS conducts much of its business through GATL.

10. Answering Paragraph 10, Defendant admits that Selb is an individual. Defendant denies that Selb is the Founder of ATS Inc. Defendant lacks sufficient information and knowledge to form a belief as to the remaining allegations of this paragraph. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

11. Answering Paragraph 11, Defendant admits that Bennett is the Chief Operating Officer of ATS Inc. Defendant lacks sufficient information and knowledge to form a belief as to the remaining allegations of this paragraph. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

12. Answering Paragraph 12, Defendant admits that Plourde is a resident of Los Angeles, California and was previously referred to as a Vice President of ATS Inc. Defendant denies that Plourde is or has ever been an officer, director, or shareholder of ATS Inc. Defendant lacks sufficient information and knowledge to form a belief as to the remaining allegations of this paragraph. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

13. Answering Paragraph 13, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

14. Answering Paragraph 14, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegations in this

paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

15. Answering Paragraph 15, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

16. Answering Paragraph 16, Defendant lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegations in this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

17. Answering Paragraph 17, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

**JURISDICTION**

18. Answering Paragraph 18, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

19. Answering Paragraph 19, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

20. Answering Paragraph 20, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

**FACTUAL ALLEGATIONS**

21. Answering Paragraph 21, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

22. Answering Paragraph 22, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

23. Answering Paragraph 23, Defendant lacks sufficient information and

knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

24. Answering Paragraph 24, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

25. Answering Paragraph 25, Defendant denies the allegations of this paragraph.

26. Answering Paragraph 26, Defendant admits the allegations of this paragraph as it relates to Selb, Bennett, and ATS Inc. Defendant denies that Nationwide sued American Tax Solutions LLC.

27. Answering Paragraph 27, Defendant admits that the case settled in October 2019. The remaining allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

28. Answering Paragraph 28, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

29. Answering Paragraph 29, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

30. Answering Paragraph 30, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

31. Answering Paragraph 31, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

32. Answering Paragraph 32, Defendant admits having sent letters to

Nationwide's customers and prospects nationwide. Defendant denies the remaining allegations of this paragraph.

33. Answering Paragraph 33, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

34. Answering Paragraph 34, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

35. Answering Paragraph 35, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

36. Answering Paragraph 36, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

37. Answering Paragraph 37, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

38. Answering Paragraph 38, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

39. Answering Paragraph 39, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

40. Answering Paragraph 40, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

41. Answering Paragraph 41, Defendant lacks sufficient information and

knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

42. Answering Paragraph 42, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

43. Answering Paragraph 43, Defendant admits it has been subject to government investigations. Defendant denies that its mailings are deceptive.

44. Answering Paragraph 44, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

45. Answering Paragraph 45, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

46. Answering Paragraph 46, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

47. Answering Paragraph 47, Defendant admits using toll free numbers in the course of legitimate business conduct. Defendant denies the remaining allegations of this paragraph.

48. Answering Paragraph 48, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

49. Answering Paragraph 49, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

50. Answering Paragraph 50, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required,

Defendant denies the allegations of this paragraph.

51. Answering Paragraph 51, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

52. Answering Paragraph 52, Defendant denies that Ricardo Alvarez was a client of Nationwide at the time he hired Defendant. The remaining allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

53. Answering Paragraph 53, Defendant denies that Roger Dearman was a client of Nationwide at the time he hired Defendant. The remaining allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

54. Answering Paragraph 54, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

55. Answering Paragraph 55, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

56. Answering Paragraph 56, Defendant admits that ATS requests up-front payment from new customers. Defendant lacks sufficient information and knowledge to form a belief as to the remaining allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

57. Answering Paragraph 57, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

58. Answering Paragraph 58, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

59. Answering Paragraph 59, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

60. Answering Paragraph 60, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

61. Answering Paragraph 61, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

62. Answering Paragraph 62, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

63. Answering Paragraph 63, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph.

64. Answering Paragraph 64, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

65. Answering Paragraph 65, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

66. Answering Paragraph 66, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

## CLAIMS FOR RELIEF

### COUNT I

### Violation of RICO (Racketeer Influenced and Corrupt Organizations Act), 18 U.S.C. § 1962 *et seq*. (Against All Defendants)

67. Answering Paragraph 67, Defendant incorporates by reference its responses to paragraph 1 through 66 as if set forth fully herein.

68. Answering Paragraph 68, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

69. Answering Paragraph 69, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

70. Answering Paragraph 70, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

71. Answering Paragraph 71, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

72. Answering Paragraph 72, Defendant admits that Selb, Plourde, and Bennett have been employed or associated with ATS. Defendant lacks sufficient knowledge and information to form a belief about the remaining allegations of this paragraph and denies the remaining allegations on this basis.

73. Answering Paragraph 73, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

74. Answering Paragraph 74, Defendant admits having sold tax debt resolution services. The remaining allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

75. Answering Paragraph 75, Defendant denies having engaged in "racketeering activity." The remaining allegations constitute characterizations and

conclusions to which a response is not required. To the extent a response is required, Defendant denies the remaining allegations of this paragraph.

76. Answering Paragraph 76, Defendant denies the allegations of this paragraph.

77. Answering Paragraph 77, Defendant denies the allegations of this paragraph.

78. Answering Paragraph 78, Defendant denies the allegations of this paragraph.

79. Answering Paragraph 79, Defendant denies the allegations of this paragraph.

80. Answering Paragraph 80, Defendant lacks sufficient information and knowledge to form a belief as to the allegations of this paragraph. To the extent a response is required, Defendant denies the allegations of this paragraph on this basis.

81. Answering Paragraph 81, Defendant denies the allegations of this paragraph.

82. Answering Paragraph 82, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

83. Answering Paragraph 83, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

84. Answering Paragraph 84, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

85. Answering Paragraph 85, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

86. Answering Paragraph 86, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

87. Answering Paragraph 87, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

**<u>COUNT II</u>**
**Violation of the Lanham Act,**
**15 U.S.C. § 1125(a)**
**(Against All Defendants)**

88. Answering Paragraph 88, Defendant incorporates by reference its responses to paragraph 1 through 87 as if set forth fully herein.

89. Answering Paragraph 89, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

90. Answering Paragraph 90, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

91. Answering Paragraph 91, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

**<u>COUNT III</u>**
**Unfair and Deceptive Trade Practices**
**(Against All Defendants)**

92. Answering Paragraph 92, Defendant incorporates by reference its responses to paragraph 1 through 91 as if set forth fully herein.

93. Answering Paragraph 93, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

94. Answering Paragraph 94, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

95. Answering Paragraph 95, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

**<u>COUNT IV</u>**
**Tortious Interference with Contract**
**(Against All Defendants)**

96. Answering Paragraph 96, Defendant incorporates by reference its responses to paragraph 1 through 95 as if set forth fully herein.

97. Answering Paragraph 97, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

98. Answering Paragraph 98, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

99. Answering Paragraph 99, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

100. Answering Paragraph 100, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

101. Answering Paragraph 101, the allegations constitute characterizations and conclusions to which a response is not required. To the extent a response is required, Defendant denies the allegations of this paragraph.

**PRAYER FOR RELIEF**

Said allegations do not require a response. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested by its prayer on all claims for relief.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Plaintiff's SAC and each claim for relief asserted therein fails to state a claim for which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

(Res Judicata)

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of res

judicata.

THIRD AFFIRMATIVE DEFENSE

(Lack of Proximate Cause)

3. Plaintiff's claims fail to demonstrate that Defendant was the proximate cause of any allegedly injuries claimed by Plaintiff.

FOURTH AFFIRMATIVE DEFENSE

(Laches)

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE

(Estoppel)

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

SIXTH AFFIRMATIVE DEFENSE

(Waiver)

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

SEVENTH AFFIRMATIVE DEFENSE

(No Damages)

7. Plaintiff cannot establish that it has suffered any damages as a result of any of the conduct alleged in the SAC.

EIGHTH AFFIRMATIVE DEFENSE

(Unclean Hands)

8. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

9. Plaintiff's claims are barred by the applicable statutes of limitation including but not limited to Cal. Code of Civil Procedure §§ 335.1, 338(a) and (d), 340(a) and (c).

TENTH AFFIRMATIVE DEFENSE

(Competition Privilege or Justification)

10. Defendant has acted with privilege or justification, and its actions, conduct, and dealings have been lawful and carried out for legitimate business purposes in a commercially reasonable manner in order to protect its own economic interests and, as a result, Defendant's actions were privileged.

ELEVENTH AFFIRMATIVE DEFENSE

(Lack of Irreparable Harm)

11. Plaintiff's claims for injunctive relief are barred because Plaintiff cannot show that it will suffer any irreparable harm from any conduct of Defendant.

TWELFTH AFFIRMATIVE DEFENSE

(Failure to Mitigate)

12. As to any damages Plaintiff claims to have sustained, which damages are denied by Defendant, Plaintiff has failed to take reasonable action to mitigate such alleged damages.

THIRTEENTH AFFIRMATIVE DEFENSE

(Lack of Standing)

13. Plaintiff lacks standing to pursue the claims against Defendant.

FOURTEENTH AFFIRMATIVE DEFENSE

(Consent)

14. Defendant alleges that Plaintiff consented to all the alleged wrongdoings of which it complains.

FIFTEENTH AFFIRMATIVE DEFENSE

(Absolute or Qualified Privilege)

15. Defendant's actions are subject to an absolute and/or qualified privilege.

SIXTEENTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

16. Defendant alleges that the SAC and each and every claim for relief alleged therein, is barred in that the damages suffered by Plaintiff, if any, were caused by the acts of third parties, over whom Defendant exercises no control.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Negligence of Others)

17. Defendant alleges that at all times mentioned in the SAC, other persons or entities were negligent or careless with respect to the matters referred to in the SAC, and that such negligence or carelessness on the part of those other persons or entities caused or contributed to Plaintiff's alleged damages, if any, and therefore any judgment against Defendant should be reduced by the percentage of negligence attributed to such other persons or entities.

EIGHTEENTH AFFIRMATIVE DEFENSE

(Intervening or Superseding Cause)

18. Defendant alleges that if Plaintiff suffered or sustained any loss, injury, damages or detriment, the same was directly and proximately caused and contributed to by the intervening or superseding actions of other parties, either served or unserved and not Defendant, and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bar recovery by Plaintiff.

NINETEENTH AFFIRMATIVE DEFENSE

(Good Faith)

19. Plaintiff's claims are barred in that Defendant acted in good faith and without malice or deliberate intent to violate Plaintiff's rights, if any.

TWENTIETH AFFIRMATIVE DEFENSE

(Protected Activity Under Cal. Code Civ. Proc. § 425.16)

20. Plaintiff's claims are barred as they arise directly out of Defendant's constitutionally protective activity.

**RESERVATION OF ADDITIONAL DEFENSES**

Defendant does not presently have sufficient knowledge or information on which to form a belief as to whether it may have additional, unstated defenses available to it. Defendant reserves the right to amend its response and defenses by, among other things, asserting additional affirmative defenses and supplementing, altering or changing this response upon revelation of more definite facts and/or upon the undertaking of discovery and an investigation of this matter.

**RELIEF REQUESTED**

WHEREFORE, Defendant prays for judgment, in its favor, against Plaintiff as follows:

a. That Plaintiff takes nothing by reason of its SAC;

b. That Defendant be awarded its costs incurred herein, including its reasonable attorneys' fees, if applicable; and

c. For such other and further relief as this Court deems just and proper.

Dated: July 7, 2021

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP

By: */s/ Michael E. Williams*

Michael E. Williams (SBN 181299)
michaelwilliams@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

KIRAKOSIAN LAW, APC

By: */s/ Greg L. Kirakosian*

Greg L. Kirakosian (SBN 294580)
greg@kirakosianlaw.com
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 986-5389
Facsimile: (213) 986-5389

*Attorneys for Defendants Tyler Bennett; Geoff Plourde : GetATaxLawyer.com, LLC; American Tax Solutions, LLC; Terrance Selb; and Defendant and Counter-Claimant American Tax Solutions, Inc.*