1  Richard I. Arshonsky, Esq. [SBN 155624]
   *rarshonsky@laklawyers.com*
2  Anne C. Manalili, Esq. [SBN 193483]
   *acmecf@laklawyers.com*
3  **LEVINSON ARSHONSKY & KURTZ, LLP**
4  15303 Ventura Blvd., Suite 1650
   Sherman Oaks, CA 91403
5  Tel: (818) 382-3434/Fax: (818) 382-3433

6  Douglas Gansler, Esq. *(pro hac vice)*
   *douglas.gansler@cwt.com*
7  Mark Grider *(pro hac vice)*
   *mark.grider@cwt.com*
8  **CADWALADER, WICKERSHAM & TAFT LLP**
9  700 Sixth Street, NW
   Washington, DC 20001
10 Tel: (202) 862 2300/Fax: (202) 862-2400

11 Jonathan M. Watkins, Esq. *(pro hac vice)*
   *jonathan.watkins@cwt.com*
12 Aaron C. Lang, Esq. *(pro hac vice)*
   *aaron.lang@cwt.com*
13 **CADWALADER, WICKERSHAM & TAFT LLP**
14 227 West Trade Street
   Charlotte, NC 28202
15 Tel: (704) 348-5145/Fax: (704) 348-5200
16
17 Attorneys for Plaintiff and Counterclaim-Defendant Nationwide Tax
   Experts, Inc., and Cross-Claim Defendants Next Level Advisors, Inc.,
   Greenlaw Consulting Group, Inc., Allstate Tax Group, LLC, Patrick
18 Oakes, Nicholas Johnson, Michael Sasson, Michael Gray, Matthew
   Levy, Joseph Lancaster, Erich Magiar, and Andrew Rios
19

20          **UNITED STATES DISTRICT COURT**

21       **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

22 | NATIONWIDE TAX EXPERTS, INC., | CASE NO. 2:20-cv-10090-CAS-MAA |
   |---|---|
23 | Plaintiff, | Assigned to Hon. Christina A. Snyder |
24 | vs. | **ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT** |
25 | TERRANCE SELB, TYLER BENNETT, GEOFF PLOURDE, AMERICAN TAX SOLUTIONS, INC., AMERICAN TAX SOLUTIONS, LLC, | |
26 | | Action Filed: November 3, 2020 |
27 | GETATAXLAWYER.COM, LLC, BEN GRAUPNER, BEN GRAUPNER INC., | |

28

LEVINSON ARSHONSKY & KURTZ, LLP

DONDAMONDE BARNES, and
LEGAL TAX DEFENSE, INC.,

Defendants.

AMERICAN TAX SOLUTIONS, INC.;

Counterclaim Plaintiff,

vs.

NATIONWIDE TAX EXPERTS, INC.;
NEXT LEVEL ADVISORS, INC.;
GREENLAW CONSULTING GROUP,
INC.; ALLSTATE TAX GROUP, LLC;
PATRICK OAKES; NICHOLAS
JOHNSON, MICHAEL SASSON,
MICHAEL GRAY, MICHAEL BAUM;
MATTHEW LEVY; JOSEPH
LANCASTER; ERIC MAGIAR; AND
ANDREW RIOS,

Counterclaim Defendants.

Counterclaim Defendant Nationwide Tax Experts, Inc., ("Nationwide") and Cross-Claim Defendants Next Level Advisors, Inc., ("Next Level") Greenlaw Consulting Group, Inc., ("Greenlaw") Allstate Tax Group, LLC, ("Allstate") Patrick Oakes ("Oakes"), Nicholas Johnson ("Johnson)", Michael Sasson ("Sasson"), Michael Gray ("Gray"), Matthew Levy ("Levy"), Joseph Lancaster ("Lancaster"), Erich Magiar ("Magiar"), and Andrew Rios ("Rios") (collectively "Counterclaim and Cross-Claim Defendants") for themselves, and no others, answers Counterclaim Plaintiff American Tax Solutions, Inc.'s ("ATS") First Amended Counterclaim Complaint ("FACC") as follows:

///

LEVINSON ARSHONSKY & KURTZ, LLP

**COUNTERCLAIMS[1]**

1.     Answering Paragraph 1, the allegations are not factual allegations that require a response.  To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

2.     Answering Paragraph 2, the allegations are not factual allegations that require a response.  To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

**INTRODUCTION**

3.     Answering Paragraph 3, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

4.     Answering Paragraph 4, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

5.     Answering Paragraph 5, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

6.     Answering Paragraph 6, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

7.     Answering Paragraph 7, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

8.     Answering Paragraph 8, Counterclaim and Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to what "[c]ustomers across the country" may or may not have said about Nationwide.  The allegations are also based on characterizations and conclusions to which no response is required.  To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

---

[1] Counterclaim and Cross-Claim Defendant are using the headings as they appear in the First Amended Counterclaim Complaint, for reference only, and not as an admission of or acquiescence to the merit of said headings. To the extent that any heading improperly purports to assert affirmative allegations, they are denied.

LEVINSON ARSHONSKY & KURTZ, LLP

9.      Answering Paragraph 9, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

10.     Answering Paragraph 10, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

**PARTIES**

11.     Answering Paragraph 11, Counterclaim and Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and therefore deny such allegations.

12.     Answering Paragraph 12, as phrased, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants admit that Nationwide is a tax assistance firm which was based in Glendale, California, and deny the remaining allegations of this paragraph.

13.     Answering Paragraph 13, Counterclaim and Cross-Claim Defendants Next Level, Nationwide, Oakes, and Rios deny the allegations in this paragraph. The remaining answering Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

14.     Answering Paragraph 14, as phrased, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Cross-Claim Defendants Greenlaw and Oakes admit that Greenlaw is a tax assistance firm and deny the remaining allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining answering Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

15.     Answering Paragraph 15, as phrased, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a

LEVINSON ARSHONSKY & KURTZ, LLP

1   response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendants
2   Allstate and Oakes admit that Allstate Tax Group, LLC is located in Los Angeles, CA
3   and offers tax consulting services, but otherwise deny the remaining allegations of this
4   paragraph. The remaining answering Cross-Claim Defendants lack sufficient
5   information and knowledge to form a belief as to the truth of these allegations, and on
6   that basis deny the allegations of this paragraph.

7        16.    Answering Paragraph 16, Counterclaim Defendant Nationwide and Cross-
8   Claim Defendant Oakes admit that Oakes is the Chief Executive Officer, Secretary,
9   Chief Financial Officer, and sole Director of Nationwide. Cross-Claim Defendants
10  Oakes and Next Level admit that Oakes is the sole director of Next Level. Cross-Claim
11  Defendants Oakes and Allstate deny that Oakes is the Chief Executive Officer of
12  Allstate. Counterclaim Defendant  Nationwide and Cross-Claim Defendants Next Level
13  and Allstate lack sufficient information and knowledge to form a belief as to the truth
14  of the remaining allegations not otherwise admitted or denied, and on that basis deny
15  the remaining allegations. The remaining answering Cross-Claim Defendants lack
16  sufficient information and knowledge to form a belief as to the truth of these allegations,
17  and on that basis deny the allegations of this paragraph.

18       17.    Answering Paragraph 17, Counterclaim Defendant Nationwide and Cross-
19  Claim Defendants Johnson and Oakes admit that Johnson was the Chief Executive
20  Officer, Secretary, Chief Financial Officer, and President of National Tax Experts well
21  prior to its merger into Tax Relief, Inc., and otherwise deny the remaining allegations
22  of this paragraph. The remaining answering Cross-Claim Defendants lack sufficient
23  information and knowledge to form a belief as to the truth of these allegations, and on
24  that basis deny the allegations of this paragraph.

25       18.    Answering Paragraph 18, Counterclaim Defendant Nationwide and Cross-
26  Claim Defendants Sasson and Oakes admit the allegations of this paragraph. The
27  remaining answering Cross-Claim Defendants lack sufficient information and

28

LEVINSON ARSHONSKY & KURTZ, LLP

knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

19.     Answering Paragraph 19, Counterclaim Defendant Nationwide and Cross-Claim Defendants Gray and Oakes admit that Gray is an employee or agent of Nationwide and was previously employed with ATS. Cross-Claim Defendant Gray denies the remaining allegations of this paragraph. Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes lack sufficient information and knowledge to form a belief as to the truth of the remaining allegations, and on that basis deny the remaining allegations of this paragraph. The remaining answering Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

20.     Answering Paragraph 20, Cross-Claim Defendants Greenlaw, Levy, and Oakes admit the allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining answering Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

21.     Answering Paragraph 21, Cross-Claim Defendants Greenlaw, Levy, and Oakes admit that Levy is the Secretary of Greenlaw, and deny the remaining allegations of this paragraph. Counterclaim Defendant Nationwide denies that Levy was previously an employee of Nationwide, and lacks sufficient information and knowledge to form a belief as to the truth of the remaining allegations of this paragraph and on that basis denies the remaining allegations. The remaining answering Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

22.     Answering Paragraph 22, Counterclaim Defendant Nationwide and Cross-Claim Defendants Lancaster and Oakes admit the allegations of this paragraph. The remaining answering Cross-Claim Defendants lack sufficient information and

ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT                    Case No. 2:20-cv-10090-CAS-MAA

LEVINSON ARSHONSKY & KURTZ, LLP

1   knowledge to form a belief as to the truth of these allegations, and on that basis deny

2   the allegations of this paragraph.

3         23.    Answering Paragraph 23, Counterclaim Defendant Nationwide and Cross-

4   Claim Defendants Magiar and Oakes deny that Magiar is an employee or agent of

5   Nationwide. Magiar admits that he was previously engaged as a contractor with ATS.

6   Nationwide and Oakes lack sufficient information and knowledge to form a belief as to

7   the truth of the remaining allegations, and on that basis deny the remaining allegations

8   of this paragraph. The remaining answering Cross-Claim Defendants lack sufficient

9   information and knowledge to form a belief as to the truth of these allegations, and on

10  that basis deny the allegations of this paragraph.

11        24.    Answering Paragraph 24, Counterclaim Defendant Nationwide and Cross-

12  Claim Defendants Rios and Oakes deny that Rios is the marketing manager of

13  Nationwide. Cross-Claim Defendants Rios, Next Level, and Oakes deny that Rios is the

14  Chief Executive Officer, Secretary, Chief Financial Officer, and sole Director of Next

15  Level. Cross-Claim Defendants Allstate and Rios deny that Rios the Manager of

16  Allstate. Counterclaim Defendant Nationwide and Cross-Claim Defendants Oakes,

17  Next Level, and Allstate lack sufficient information and knowledge to form a belief as

18  to the truth of the remaining allegations, and on that basis deny the remaining allegations

19  of this paragraph. The remaining answering Cross-Claim Defendants lack sufficient

20  information and knowledge to form a belief as to the truth of these allegations, and on

21  that basis deny the allegations of this paragraph.

22        25.    Answering Paragraph 25, the allegations constitute and contain

23  characterizations and conclusions to which no response is required. To the extent a

24  response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

25  this paragraph.

26  ///

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

1   **JURISDICTION**

2   26.     Answering Paragraph 26, this paragraph contains no factual allegations,

3   but rather legal conclusions to which no answer is required.

4   **FACTUAL BACKGROUND**

5   **A.    History of Counterclaim Defendants.**

6   27.     Answering Paragraph 27, Cross-Claim Defendants Oakes and Allstate

7   deny that Allstate was "opened" by Oakes in 2006. The remaining allegations constitute

8   and contain characterizations and conclusions to which no response is required. To the

9   extent a response is required, Oakes and Allstate deny the allegations of this paragraph.

10  Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack

11  sufficient information and knowledge to form a belief as to the truth of these allegations,

12  and on that basis deny the allegations of this paragraph.

13  28.     Answering Paragraph 28, Cross-Claim Defendants Allstate and Oakes

14  deny the allegations of this paragraph. Counterclaim Defendant Nationwide and the

15  remaining Cross-Claim Defendants lack sufficient information and knowledge to form

16  a belief as to the truth of these allegations, and on that basis deny the allegations of this

17  paragraph.

18  29.     Answering Paragraph 29, Cross-Claim Defendants Allstate and Oakes

19  deny the allegations of this paragraph. Counterclaim Defendant Nationwide and the

20  remaining Cross-Claim Defendants lack sufficient information and knowledge to form

21  a belief as to the truth of these allegations, and on that basis deny the allegations of this

22  paragraph.

23  30.     Answering Paragraph 30, Cross-Claim Defendants Allstate and Oakes

24  deny the allegations, except, to the extent such allegations purport to describe a contract,

25  neither admit nor deny those allegations, but respectfully refer the Court to such

26  document for a statement of its contents. Counterclaim Defendant Nationwide and the

27  remaining Cross-Claim Defendants lack sufficient information and knowledge to form

28

LEVINSON ARSHONSKY & KURTZ, LLP

a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

31.     Answering Paragraph 31, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Cross-Claim Defendants Allstate and Oakes deny the allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

32.     Answering Paragraph 32, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Cross-Claim Defendant Oakes denies the allegations of this paragraph, except, to the extent they purport to describe court filings, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

33.     Answering Paragraph 33, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Cross-Claim Defendant Oakes denies the allegations of this paragraph, except, to the extent they purport to describe court filings, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

34.     Answering Paragraph 34, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendants

LEVINSON ARSHONSKY & KURTZ, LLP

Oakes and Johnson deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

35. Answering Paragraph 35, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

36. Answering Paragraph 36, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

37. Answering Paragraph 37, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

38. Answering Paragraph 38, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes admit that Oakes hired Terrance Selb, and otherwise deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

39. Answering Paragraph 39, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendant

LEVINSON ARSHONSKY & KURTZ, LLP

Oakes deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

40.     Answering Paragraph 40, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes admit that Nationwide hired professionals to perform services during the time that Selb was employed at Nationwide, but deny the remaining allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

41.     Answering Paragraph 41, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

42.     Answering Paragraph 42, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes admit that Nationwide terminated Selb's employment, but deny the remaining allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

**B.     Prior State Court Lawsuit**

43.     Answering Paragraph 43, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes admit that Tax Relief, Inc. d/b/a National Tax Experts sued Selb, Tyler Bennet, and American Tax Solutions, Inc. in Los Angeles Superior Court in or about November 2018, but deny the remaining allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

LEVINSON ARSHONSKY & KURTZ, LLP

44.     Answering Paragraph 44, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes admit that the lawsuit filed in November 2018 was settled in October 2019. The allegations otherwise constitute characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny these allegations, except, to the extent they purport to describe a settlement agreement, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of its contents. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

45.     Answering Paragraph 45, these allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes admit that Nationwide filed its Complaint in the underlying action after the October 2019 settlement of the prior lawsuit, and otherwise deny the allegations. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

46.     Answering Paragraph 46, these allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations of this paragraph, except, to the extent they purport to describe pleadings in this case, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

LEVINSON ARSHONSKY & KURTZ, LLP

47.     Answering Paragraph 47, these allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

48.     Answering Paragraph 48, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim Defendant Nationwide and Cross-Claim Defendant Oakes deny the allegations of this paragraph, except, to the extent they purport to describe pleadings in this case, neither admit nor deny those allegations, but respectfully refer the Court to such documents for a statement of their contents. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

## NATIONWIDE'S FRAUDULENT SCHEME

**A.      Nationwide Engages in Predatory, Misleading Practices to Steal Business From Competitors**

49.     Answering Paragraph 49, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

50.     Answering Paragraph 50, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

51.     Answering Paragraph 51, the allegations constitute and contain characterizations and conclusions to which a response is not required. To the extent a

LEVINSON ARSHONSKY & KURTZ, LLP

response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

52.     Answering Paragraph 52, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny knowledge or information sufficient to form a belief as to how many of the recipients of letters from Nationwide happen to be customers or prospective customers of ATS, and otherwise deny the allegations of this paragraph.

53.     Answering Paragraph 53, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

54.     Answering Paragraph 54, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

55.     Answering Paragraph 55, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

56.     Answering Paragraph 56, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

57.     Answering Paragraph 57, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

LEVINSON ARSHONSKY & KURTZ, LLP

1   this paragraph, except, to the extent they purport to describe letters, neither admit nor

2   deny those allegations, but respectfully refer the Court to any such documents for a

3   statement of their contents.

4          58.    Answering Paragraph 58, the allegations constitute and contain

5   characterizations and conclusions to which no response is required. To the extent a

6   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

7   this paragraph.

8          59.    Answering Paragraph 59, the allegations constitute and contain

9   characterizations and conclusions to which no response is required. To the extent a

10   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

11   this paragraph.

12          60.    Answering Paragraph 60, the allegations constitute and contain

13   characterizations and conclusions to which no response is required. To the extent a

14   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

15   this paragraph.

16          61.    Answering Paragraph 61, the allegations constitute and contain

17   characterizations and conclusions to which no response is required. To the extent a

18   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

19   this paragraph.

20          62.    Answering Paragraph 62, the allegations constitute and contain

21   characterizations and conclusions to which no response is required. To the extent a

22   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

23   this paragraph.

24          63.    Answering Paragraph 63, the allegations constitute and contain

25   characterizations and conclusions to which no response is required. To the extent a

26   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

27   this paragraph.

28

LEVINSON ARSHONSKY & KURTZ, LLP

64.     Answering Paragraph 64, Cross-Claim Defendant Magiar admits that he worked at ATS between March 2020 and approximately October or November 2020 as a sales manager, and denies the remaining allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

65.     Answering Paragraph 65, Cross-Claim Defendant Magiar admits that he did some work with Greenlaw in or about December 2020. The remaining allegations constitute and contain characterizations and conclusions to which no response is required, and on that basis denies the remaining allegations. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

66.     Answering Paragraph 66, Cross-Claim Defendant Sasson admits the allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

67.     Answering Paragraph 67, Counterclaim Defendant Nationwide and Cross-Claim Defendants Sasson and Oakes admit the allegations of this paragraph. The remaining Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations, and on that basis deny the allegations of this paragraph.

68.     Answering Paragraph 68, Cross-Claim Defendant Gray admits that he began his work relationship with ATS in or around May 2018, in a marketing position, and continued in that role until approximately October 2018 and that he was terminated, but denies the remaining allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient information and

LEVINSON ARSHONSKY & KURTZ, LLP

1   knowledge to form a belief as to the truth of these allegations, and on that basis deny
2   the allegations of this paragraph.

3        69.    Answering Paragraph 69, Counterclaim Defendant Nationwide and Cross-
4   Claim Defendants Gray and Oakes admit the allegations of this paragraph. The
5   remaining Cross-Claim Defendants lack sufficient information and knowledge to form
6   a belief as to the truth of these allegations, and on that basis deny the allegations of this
7   paragraph.

8        70.    Answering Paragraph 70, Cross-Claim Defendants Magiar, Sasson, and
9   Gray admit that they had access to some information during their working relationship
10  with ATS. However, the remaining allegations constitute and contain characterizations
11  and conclusions to which no response is required. To the extent a response is required,
12  they deny the remaining allegations. Defendant Nationwide and the remaining Cross-
13  Claim Defendants lack sufficient information and knowledge to form a belief as to the
14  truth of these allegations, and on that basis deny the allegations of this paragraph.

15       71.    Answering Paragraph 71, the allegations constitute and contain
16  characterizations and conclusions to which no response is required. To the extent a
17  response is required, Counterclaim and Cross-Claim Defendants deny knowledge or
18  information sufficient to form a belief as to the truth of allegations about ATS's
19  operations, and therefore denies them.

20       72.    Answering Paragraph 72, the allegations constitute and contain
21  characterizations and conclusions to which no response is required . To the extent a
22  response is required, Counterclaim and Cross-Claim Defendants deny the allegations of
23  this paragraph.

24       73.    Answering Paragraph 73, the allegations constitute and contain
25  characterizations and conclusions to which no response is required . To the extent a
26  response is required, Counterclaim and Cross-Claim Defendants deny the allegations of
27  this paragraph.

28

LEVINSON ARSHONSKY & KURTZ, LLP

74.     Answering Paragraph 74, the allegations constitute and contain characterizations and conclusions to which no response is required . To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

75.     Answering Paragraph 75, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe letters, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

76.     Answering Paragraph 76, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

77.     Answering Paragraph 77, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe letters, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

78.     Answering Paragraph 78, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe letters, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

LEVINSON ARSHONSKY & KURTZ, LLP

79.     Answering Paragraph 79, the allegations constitute and contain characterizations and conclusions to which no response is required . To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe letters, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

80.     Answering Paragraph 80, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe letters, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

81.     Answering Paragraph 81, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe documents prepared by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

82.     Answering Paragraph 82, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

83.     Answering Paragraph 83, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe documents

2961-004/1230460

ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT          Case No. 2:20-cv-10090-CAS-MAA

LEVINSON ARSHONSKY & KURTZ, LLP

prepared by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to any such documents for a statement of their contents.

84.     Answering Paragraph 84, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe statements by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to any such statements for their contents.

85.     Answering Paragraph 85, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

86.     Answering Paragraph 86, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

87.     Answering Paragraph 87, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

88.     Answering Paragraph 88, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to quote from an unidentified document, neither admit nor deny those allegations, but respectfully refer the Court to any such document for a statement of its contents.

89.     Answering Paragraph 89, the allegations constitute and contain characterizations and conclusions to which to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

90.     Answering Paragraph 90, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

91.     Answering Paragraph 91, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

92.     Answering Paragraph 92, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

93.     Answering Paragraph 93, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

94.     Answering Paragraph 94, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

95.     Answering Paragraph 95, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a

LEVINSON ARSHONSKY & KURTZ, LLP

1  response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

2  this paragraph.

3        96.    Answering Paragraph 96, the allegations constitute and contain

4  characterizations and conclusions to which no response is required. To the extent a

5  response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

6  this paragraph.

7        97.    Answering Paragraph 97, the allegations constitute and contain

8  characterizations and conclusions to which a response no response is required. To the

9  extent a response is required, Counterclaim and Cross-Claim Defendants deny the

10 allegations of this paragraph.

11       98.    Answering Paragraph 98, the allegations constitute and contain

12 characterizations and conclusions to which no response is required. Moreover,

13 Counterclaim and Cross-Claim Defendants lack sufficient information and knowledge

14 to form a belief as to the allegations of this paragraph about conversations ATS has with

15 third parties. To the extent a response is required, Counterclaim and Cross-Claim

16 Defendants deny the allegations of this paragraph.

17       99.    Answering Paragraph 99, the allegations constitute and contain

18 characterizations and conclusions to which no response is required. To the extent a

19 response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

20 this paragraph.

21       100.   Answering Paragraph 100, the allegations constitute and contain

22 characterizations and conclusions to which no response is required. Moreover,

23 Counterclaim and Cross-Claim Defendants lack sufficient information and knowledge

24 to form a belief as to the allegations of this paragraph about ATS's relationships with

25 its own customers. To the extent a response is required Counterclaim and Cross-Claim

26 Defendants, deny the allegations of this paragraph.

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

101. Answering Paragraph 101, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

**B.    The Nationwide Defendants Have Been and Continue to Be Subject to Prosecution for Fraud by Authorities Across the Country**

102. Answering Paragraph 102, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

103. Answering Paragraph 103, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

104. Answering Paragraph 104, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

105. Answering Paragraph 105, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government

2961-004/1230460
ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT                    Case No. 2:20-cv-10090-CAS-MAA

LEVINSON ARSHONSKY & KURTZ, LLP

1   authority, neither admit nor deny those allegations, but respectfully refer the Court to

2   such charging document for its contents.

3         106. Answering Paragraph 106 the allegations constitute and contain

4   characterizations and conclusions to which no response is required. To the extent a

5   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

6   this paragraph, except, to the extent they purport to describe charges by a government

7   authority, neither admit nor deny those allegations, but respectfully refer the Court to

8   such charging document for its contents.

9         107. Answering Paragraph 107, the allegations constitute and contain

10   characterizations and conclusions to which no response is required. To the extent a

11   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

12   this paragraph, except, to the extent they purport to describe charges by a government

13   authority, neither admit nor deny those allegations, but respectfully refer the Court to

14   such charging document for its contents.

15         108. Answering Paragraph 108 the allegations constitute and contain

16   characterizations and conclusions to which no response is required. To the extent a

17   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

18   this paragraph, except, to the extent they purport to describe charges by a government

19   authority, neither admit nor deny those allegations, but respectfully refer the Court to

20   such charging document for its contents.

21         109. Answering Paragraph 109, the allegations constitute and contain

22   characterizations and conclusions to which no response is required. To the extent a

23   response is required, Counterclaim and Cross-Claim Defendants deny the allegations of

24   this paragraph, except, to the extent they purport to describe charges by a government

25   authority, neither admit nor deny those allegations, but respectfully refer the Court to

26   such charging document for its contents.

27

28

LEVINSON ARSHONSKY & KURTZ, LLP

110. Answering Paragraph 110, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

111. Answering Paragraph 111, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

112. Answering Paragraph 112, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

113. Answering Paragraph 113, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

114. Answering Paragraph 114, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government

2961-004/1230460
ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT               Case No. 2:20-cv-10090-CAS-MAA

LEVINSON ARSHONSKY & KURTZ, LLP

authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

115. Answering Paragraph 115, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

116. Answering Paragraph 116, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

117. Answering Paragraph 117, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

118. Answering Paragraph 118, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

2961-004/1230460
ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT          Case No. 2:20-cv-10090-CAS-MAA

LEVINSON ARSHONSKY & KURTZ, LLP

119. Answering Paragraph 119, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe charges by a government authority, neither admit nor deny those allegations, but respectfully refer the Court to such charging document for its contents.

120. Answering Paragraph 120, the allegations constitute and contain characterizations and conclusions to which no response is required. Additionally, Counterclaim and Cross-Claim Defendants lack sufficient information and knowledge to form a belief as to the truth of these allegations. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

121. Answering Paragraph 121, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph, except, to the extent they purport to describe an unidentified alleged Yelp! reviewer, neither admit nor deny those allegations, but respectfully refer the Court to such purported review for its contents.

122. Answering Paragraph 122, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

123. Answering Paragraph 123, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

124. Answering Paragraph 124, these allegations, as phrased, are vague, ambiguous, and uncertain. To the extent the allegations pertain to Cross-Claim

LEVINSON ARSHONSKY & KURTZ, LLP

Defendant Allstate, it denies the allegations of this paragraph. To the extent the allegations pertain to another entity entitled "Allstate Tax Group," Counterclaim and Cross-Claim Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations and some of the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, they deny the allegations of this paragraph.

125. Answering Paragraph 125, admit that Cross-Claim Defendant Oakes incorporated an entity entitled Travelers Tax Group, Inc. in California in August 2006 and that it has been suspended by the California Franchise Tax Board. The remaining allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Oakes denies the remaining allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations. To the extent a response is required, they deny the allegations of this paragraph.

126. Answering Paragraph 126, Cross-Claim Defendant Johnson admits that an entity entitled Pacific Debt Solutions, Inc. was incorporated in August 2009 and that it has been suspended by the California Franchise Tax Board. Johnson denies that he was the incorporator. The remaining allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Johnson denies the remaining allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack sufficient knowledge and information to form a belief as to the truth of these allegations. To the extent a response is required, they deny the allegations of this paragraph.

127. Answering Paragraph 127, Cross-Claim Defendant Johnson admits that an entity entitled Integrated Debt Solutions Inc. was incorporated to the same address as Pacific Debt Solutions Inc. and that it has been suspended by the California Franchise

LEVINSON ARSHONSKY & KURTZ, LLP

1  Tax Board. The remaining allegations constitute and contain characterizations and
2  conclusions to which no response is required. To the extent a response is required,
3  Johnson denies the remaining allegations of this paragraph. Counterclaim Defendant
4  Nationwide and the remaining Cross-Claim Defendants lack sufficient knowledge and
5  information to form a belief as to the truth of these allegations. To the extent a response
6  is required, they deny the allegations of this paragraph.

7      128.   Answering Paragraph 128, Counterclaim Defendant Nationwide and
8  Cross-Claim Defendants Oakes and Johnson admit that National Tax Experts was
9  incorporated in 2011, but deny that it was created by Oakes. Nationwide and Oakes
10 admit that National Tax Experts and was merged into Tax Relief Inc. and they deny the
11 remaining allegations of this paragraph. The remaining Cross-Claim Defendants lack
12 sufficient knowledge and information to form a belief as to the truth of these allegations.
13 To the extent a response is required, they deny the allegations of this paragraph.

14     129.   Answering Paragraph 129, Cross-Claim Defendant Johnson admits that an
15 entity entitled IRS Tax Doctors was incorporated in 2012 in California and that the
16 company is now dissolved, and denies the remaining allegations of this paragraph.
17 Counterclaim Defendant Nationwide and the remaining Cross-Claim Defendants lack
18 sufficient knowledge and information to form a belief as to the truth of these allegations.
19 To the extent a response is required, they deny the allegations of this paragraph.

20     130.   Answering Paragraph 130, Cross-Claim Defendant Johnson admits that an
21 entity entitled National Consulting, Inc. was incorporated in 2013 in California and is
22 now dissolved. He denies that he was the incorporator. The remaining allegations of
23 this paragraph constitute and contain characterizations and conclusions to which no
24 response is required. To the extent a response is required, Johnson denies the remaining
25 allegations of this paragraph. Counterclaim Defendant Nationwide and the remaining
26 Cross-Claim Defendants lack sufficient knowledge and information to form a belief as

27
28

LEVINSON ARSHONSKY & KURTZ, LLP

1  to the truth of these allegations. To the extent a response is required, they deny the
2  allegations of this paragraph.

3      131.   Answering Paragraph 131, Cross-Claim Defendant Johnson admits that an
4  entity entitled National Tax Group Inc. was incorporated in 2014 in California, but
5  denies that he was the incorporator. The remaining allegations of this paragraph
6  constitute and contain characterizations and conclusions to which no response is
7  required. To the extent a response is required, Johnson denies the remaining allegations
8  of this paragraph. Counterclaim Defendant Nationwide and the remaining Cross-Claim
9  Defendants lack sufficient knowledge and information to form a belief as to the truth of
10  these allegations. To the extent a response is required, they deny the allegations of this
11  paragraph.

12      132.   Answering Paragraph 132, Cross-Claim Defendant Johnson admits that an
13  entity entitled National Tax Experts was incorporated in March 2018 in California, but
14  denies that he was the incorporator. Johnson lacks sufficient knowledge and information
15  to form a belief as to the truth of the remaining allegations. To the extent a response is
16  required, he denies the remaining allegations. Cross-Defendants Allstate and Oakes
17  admit that Allstate was registered in 2018 but deny that Oakes registered it. Allstate and
18  Oakes lack sufficient knowledge and information to form a belief as to the truth of the
19  remaining allegations. To the extent a response is required, they deny the remaining
20  allegations. Counterclaim Defendant Nationwide and the remaining Cross-Claim
21  Defendants lack sufficient knowledge and information to form a belief as to the truth of
22  these allegations. To the extent a response is required, they deny the allegations of this
23  paragraph.

24      133.   Answering Paragraph 133, the allegations as to "this entity" are too vague
25  and ambiguous to provide a response. Additionally, the  allegations constitute and
26  contain characterizations and conclusions to which no response is required. To the

27
28

LEVINSON ARSHONSKY & KURTZ, LLP

extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

## CLAIMS FOR RELIEF

### CLAIM I

### Violation of Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962 *et seq.*

134.   Counterclaim and Cross-Claim Defendants incorporate by reference their responses to paragraph 1 through 133 as if set forth fully herein.

135.   Answering Paragraph 135, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

136.   Answering Paragraph 136, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

137.   Answering Paragraph 137, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

138.   Answering Paragraph 138, Counterclaim and Cross-Claim Defendants admit that Sasson, Rios, Oakes, Lancaster, and Gray have or had a working relationship with Nationwide during a portion of the period of time referenced in the Counterclaim. The remaining allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the remaining allegations of this paragraph.

139.   Answering Paragraph 139, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

140.   Answering Paragraph 140, admit that some of the Counterclaim and Cross-Claim Defendants have sold tax debt resolution services. The remaining allegations constitute and contain characterizations and conclusions to which no response is

2961-004/1230460

ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT          Case No. 2:20-cv-10090-CAS-MAA

LEVINSON ARSHONSKY & KURTZ, LLP

1 required. To the extent a response is required, Counterclaim and Cross-Claim
2 Defendants deny the remaining allegations of this paragraph.

3     141. Answering Paragraph 141, Counterclaim and Cross-Claim Defendants
4 deny having engaged in any "racketeering activity." The remaining allegations
5 constitute and contain characterizations and conclusions to which no response is
6 required. To the extent a response is required, Counterclaim and Cross-Claim
7 Defendants deny the remaining allegations of this paragraph.

8     142. Answering Paragraph 142, Counterclaim and Cross-Claim Defendants
9 deny the allegations of this paragraph.

10     143. Answering Paragraph 143, Counterclaim and Cross-Claim Defendants
11 deny the allegations of this paragraph.

12     144. Answering Paragraph 144, Counterclaim and Cross-Claim Defendants
13 deny the allegations of this paragraph.

14     145. Answering Paragraph 145, Counterclaim and Cross-Claim Defendants
15 deny the allegations of this paragraph.

16     146. Answering Paragraph 146, Counterclaim and Cross-Claim Defendants
17 deny the allegations of this paragraph.

18     147. Answering Paragraph 147, Counterclaim and Cross-Claim Defendants
19 deny the allegations of this paragraph.

20     148. Answering Paragraph 148, Counterclaim and Cross-Claim Defendants
21 deny the allegations of this paragraph.

22     149. Answering Paragraph 149, Counterclaim and Cross-Claim Defendants
23 deny the allegations of this paragraph.

24     150. Answering Paragraph 150, these allegations are directed towards Cross-
25 Claim Defendant Baum and a response is not required from Counterclaim and Cross-
26 Claim Defendants. To the extent a response is required, Counterclaim and Cross-Claim
27 Defendants deny the allegations of this paragraph.

28

LEVINSON ARSHONSKY & KURTZ, LLP

151. Answering Paragraph 151, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

152. Answering Paragraph 152, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

## CLAIM II

### Violation of the Lanham Act, 15 U.S.C. § 1125(a) Act

153. Counterclaim and Cross-Claim Defendants incorporate by reference their responses to paragraph 1 through 152 as if set forth fully herein.

154. Answering Paragraph 154, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

155. Answering Paragraph 155, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

156. Answering Paragraph 156, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

## CLAIM III:

### Unfair and Deceptive Trade Practices

157. Counterclaim and Cross-Claim Defendants incorporate by reference their responses to paragraph 1 through 156 as if set forth fully herein.

LEVINSON ARSHONSKY & KURTZ, LLP

158.   Answering Paragraph 158, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

159.   Answering Paragraph 159, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

160.   Answering Paragraph 160, this paragraph contains no factual allegations, but rather legal conclusions to which no answer is required.

## CLAIM IV

### Tortious Interference with Contractual Relations

161.   Counterclaim and Cross-Claim Defendants incorporate by reference their responses to paragraph 1 through 160 as if set forth fully herein.

162.   Answering Paragraph 162, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

163.   Answering Paragraph 163, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

164.   Answering Paragraph 164, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

165.   Answering Paragraph 165, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

LEVINSON ARSHONSKY & KURTZ, LLP

166. Answering Paragraph 166, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

167. Answering Paragraph 167, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

168. Answering Paragraph 168, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

169. Answering Paragraph 169, the allegations constitute and contain characterizations and conclusions to which no response is required. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny the allegations of this paragraph.

## **PRAYER FOR RELIEF**

Said allegations do not require a response. To the extent a response is required, Counterclaim and Cross-Claim Defendants deny that Counterclaimant is entitled to the relief requested by its prayer on all claims for relief.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. Counterclaim Plaintiff's FACC and each claim for relief asserted therein fails to state a claim for which relief can be granted.

///

LEVINSON ARSHONSKY & KURTZ, LLP

## SECOND AFFIRMATIVE DEFENSE

### (Laches)

2.     Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

3.     Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

4.     Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE

### (No Damages)

5.     Counterclaim Plaintiff cannot establish that it has suffered any damages as a result of any of the conduct alleged in the FACC.

## SIXTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

6.     Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

7.     Counterclaim Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to: Cal. Code of Civil Procedure §§ 338(a) and (d), 339(1), 340(a), and 343 and Cal. Bus. And Prof. Code § 17208.

///

LEVINSON ARSHONSKY & KURTZ, LLP

## EIGHTH AFFIRMATIVE DEFENSE

### (Competition Privilege or Justification)

8.     Counterclaim and Cross-Claim Defendants have acted with privilege or justification, and their actions, conduct, and dealings have been lawful and carried out for legitimate business purposes in a commercially reasonable manner in order to protect their own economic interests and, as a result, this Counterclaim and Cross-Claim Defendants' actions were privileged.

## NINTH AFFIRMATIVE DEFENSE

### (Lack of Proximate Cause)

9.     Counterclaim Plaintiff fails to demonstrate that Counterclaim and Cross-Claim Defendants were the proximate cause of any alleged injuries claimed by it.

## TENTH AFFIRMATIVE DEFENSE

### (Lack of Irreparable Harm)

10.    Counterclaim Plaintiff's claims for injunctive relief are barred because Counterclaim Plaintiff cannot show that they will suffer any irreparable harm from the any conduct of any Counterclaim and Cross-Claim Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

11.    As to any damages Counterclaim Plaintiff claims to have sustained, which damages are denied by Counterclaim and Cross-Claim Defendants, Counterclaim Plaintiff has failed to take reasonable action to mitigate such alleged damages.

## TWELFTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

12.    Counterclaim Plaintiff lacks standing to pursue the claims against Counterclaim and Cross-Claim Defendants.

///

THIRTEENTH AFFIRMATIVE DEFENSE

(Set-Off)

13.     Counterclaim and Cross-Claim Defendants allege that Counterclaim Plaintiff's conduct caused damages to Counterclaim and Cross-Claim Defendants and offsets any damage Counterclaim and Cross-Claim Defendants have allegedly caused to Counterclaim Plaintiff.

FOURTEENTH AFFIRMATIVE DEFENSE

(Acts of Third Parties)

14.     Counterclaim and Cross-Claim Defendants allege that the FACC and each and every claim for relief alleged therein, is barred in that the damages suffered by Counterclaim Plaintiff, if any, were caused by the acts of third parties, over whom these Counterclaim and Cross-Claim Defendants exercise no control.

FIFTEENTH AFFIRMATIVE DEFENSE

(Negligence of Others)

15.     Counterclaim and Cross-Claim Defendants alleges that at all times mentioned in the FACC, other persons or entities were negligence or careless with respect to the matters referred to in the FACC, and that such negligence or carelessness on the part of those other persons or entities caused or contributed to Counterclaim Plaintiff's alleged damages, if any, and therefore any judgment against these Counterclaim and Cross-Claim Defendants should be reduced by the percentage of negligence attributed to such other persons or entities.

SIXTEENTH AFFIRMATIVE DEFENSE

(Intervening or Superseding Cause)

16.     Counterclaim and Cross-Claim Defendants alleges that if Counterclaim Plaintiff suffered or sustained any loss, injury, damages or detriment, the same was directly and proximately caused and contributed to by the intervening or superseding actions of other parties, either served or unserved and not these Counterclaim and Cross-

LEVINSON ARSHONSKY & KURTZ, LLP

Claim Defendants, and such strict liability, breach of warranty, conduct, acts, omissions, activities, carelessness, recklessness and negligence of said other parties bar recovery of Counterclaim Plaintiff.

SEVENTEENTH AFFIRMATIVE DEFENSE

(Good Faith)

17.     Counterclaim Plaintiff's claims are barred in that Counterclaim and Cross-Claim Defendants acted in good faith and without malice or deliberate intent to violate Counterclaim Plaintiff's rights, if any have been violated (and to be sure, Counterclaim and Cross-Claim Defendants deny as much).

EIGHTEENTH AFFIRMATIVE DEFENSE

(Res Judicata/Collateral Estoppel)

18.     Counterclaim Plaintiff's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

RESERVATION OF ADDITIONAL DEFENSES

19.     Counterclaim and Cross-Claim Defendants do not presently have sufficient knowledge or information on which to form a belief as to whether they may have additional, unstated defenses available to them. Counterclaim and Cross-Claim Defendants reserve the right to amend their responses and defenses by, among other things, asserting additional affirmative defenses and supplementing, altering or changing this response upon revelation of more definite facts and/or upon the undertaking of discovery and an investigation of this matter.

**RELIEF REQUESTED**

WHEREFORE, Counterclaim and Cross-Claim Defendants pray for judgment, in its favor, against Counterclaim Plaintiff as follows:

a)     That Counterclaim Plaintiff take nothing by reason of its FACC;

b)     That Counterclaim and Cross-Claim Defendants be awarded their costs incurred herein, including their reasonable attorneys' fees, if applicable; and

LEVINSON ARSHONSKY & KURTZ, LLP

c)      For such other and further relief as this Court deems just and proper.

Dated: October 29, 2021          LEVINSON ARSHONSKY & KURTZ, LLP

_/s/ Anne C. Manalili_
Richard I. Arshonsky, State Bar No. 155624
Anne C. Manalili, State Bar No. 193483
15303 Ventura Boulevard, Ste. 1650
Sherman Oaks, CA 91403
rarshonsky@laklawyers.com
amanalili@laklawyers.com

Douglas Gansler (*pro hac vice*)
Mark Grider (*pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
douglas.gansler@cwt.com

Jonathan M. Watkins (*pro hac vice*)
Aaron C. Lang (*pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
227 West Trade Street
Charlotte, NC 28202
jonathan.watkins@cwt.com
aaron.lang@cwt.com

*Attorneys for Plaintiff and Counterclaim Defendant Nationwide Tax Experts, Inc. and Cross-Claim Defendants Next Level Advisors, Inc., Greenlaw Consulting Group, Inc., Allstate Tax Group, LLC, Patrick Oakes, Nicholas Johnson, Michael Sasson, Michael Gray, Matthew Levy, Joseph Lancaster, Erich Magiar, and Andrew Rios*

LEVINSON ARSHONSKY & KURTZ, LLP

# CERTIFICATE OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, State of California. My business address is 15303 Ventura Blvd., Suite 1650, Sherman Oaks, CA 91403.

☒ **(BY CM/ECF SYSTEM)** On the date below, I caused to be electronically filed the following document(s) described as: **ANSWER TO FIRST AMENDED COUNTERCLAIM COMPLAINT** with the Clerk of the United States District Court of Central District of California, using the *CM/ECF* System. The Court's *CM/ECF* System will send an e-mail notification of the foregoing filing to the following parties (or on the attached service list) and counsel of record who are registered with the Court's *CM/ECF* System:

**Richard I. Arshonsky**
rarshonsky@laklawyers.com,sgrindstaff@laklawyers.com

**Douglas Gansler**
douglas.gansler@cwt.com

**Mark A. Grider**
mark.grider@cwt.com

**Gregory Levon Kirakosian**
greg@kirakosianlaw.com

**David N. Lake**
david@lakelawpc.com

**Aaron C. Lang**
aaron.lang@cwt.com,nyecfnotice@cwt.com

**Anne C Manalili**
acmecf@laklawyers.com

**Jonathan M. Watkins**
jonathan.watkins@cwt.com,nyecfnotice@cwt.com

☐ **(BY EMAIL)** On the date below, I caused the following documents(s) described as:

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 29, 2021 at Sherman Oaks, California.

Natalie M. Lessard                              */s/ Natalie M. Lessard*

                                                          *Signature*

LEVINSON ARSHONSKY & KURTZ, LLP

CERTIFICATE OF SERVICE

569-041/1068674