Richard I. Arshonsky [SBN 155624]
*rarshonsky@laklawyers.com*
Anne C. Manalili [SBN 193483]
*acmecf@laklawyers.com*
**LEVINSON ARSHONSKY & KURTZ, LLP**
15303 Ventura Blvd., Suite 1650
Sherman Oaks, CA 91403
Tel: (818) 382-3434/Fax: (818) 382-3433

Douglas Gansler *(pro hac vice)*
*douglas.gansler@cwt.com*
Mark Grider *(pro hac vice)*
*mark.grider@cwt.com*
**CADWALADER, WICKERSHAM & TAFT LLP**
700 Sixth Street, NW
Washington, DC 20001
Tel: (202) 862 2300/Fax: (202) 862-2400

Jonathan M. Watkins *(pro hac vice)*
*jonathan.watkins@cwt.com*
Aaron C. Lang *(pro hac vice)*
*aaron.lang@cwt.com*
**CADWALADER, WICKERSHAM & TAFT LLP**
227 West Trade Street
Charlotte, NC 28202
Tel: (704) 348-5145/Fax: (704) 348-5200

Attorneys for Plaintiff and Counterclaim-Defendant Nationwide Tax Experts, Inc., and Cross-Claim Defendants Next Level Advisors, Inc., Greenlaw Consulting Group, Inc., Allstate Tax Group, LLC, Patrick Oakes, Nicholas Johnson, Michael Sasson, Michael Gray, Matthew Levy, Joseph Lancaster, Erich Magiar, and Andrew Rios

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONWIDE TAX EXPERTS, INC., | CASE NO. 2:20-cv-10090-CAS-MAA |
| Plaintiff, | Assigned to Hon. Christina A. Snyder |
| vs. | **STIPULATED PROTECTIVE ORDER** |
| TERRANCE SELB, TYLER BENNETT, GEOFF PLOURDE, AMERICAN TAX SOLUTIONS, INC., AMERICAN TAX SOLUTIONS, LLC, GETATAXLAWYER.COM, LLC, BEN GRAUPNER, BEN GRAUPNER INC., | Action Filed: November 3, 2020 |

*LEVINSON ARSHONSKY & KURTZ, LLP*

1

DONDAMONDE BARNES, and
LEGAL TAX DEFENSE, INC.,

                    Defendants.

AND RELATED COUNTERCLAIM.

## 1.   <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## 2.   <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, information regarding confidential business and/or marketing strategies, proprietary information regarding current, former, and/or potential

LEVINSON ARSHONSKY & KURTZ, LLP

customers, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**3.**    **DEFINITIONS**

3.1    <u>Action</u>:  This pending federal lawsuit.

3.2    <u>Challenging Party</u>:  A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

3.3    <u>Claimed Privileged Information</u>: Information that a party claims to be privileged or protected by the attorney-client privilege or work product protection.

3.4    <u>"CONFIDENTIAL" Information or Items</u>:  Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.5    <u>Counsel</u>:  Outside Counsel and In-House Counsel (as well as their support staff).

3.6    <u>Designating Party</u>:  A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.7    <u>Disclosure or Discovery Material</u>:  All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that is produced or generated in disclosures or responses to discovery in this matter.

3.8    <u>Expert</u>:  A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3.9    <u>In-House Counsel</u>:  Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel or any other outside counsel.

3.10   <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>: information or items that meet all the criteria of "CONFIDENTIAL information or items" and, in addition, that a Producing Party believes, in good faith, contain or reflect information that is competitively or commercially sensitive to such an extent that its disclosure is likely to cause significant economic harm to the Producing Party.

3.11   <u>Nonparty</u>:  Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.12   <u>Outside Counsel</u>:  Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action, and includes support staff.

LEVINSON ARSHONSKY & KURTZ, LLP

LEVINSON ARSHONSKY & KURTZ, LLP

3.13   <u>Party</u>:  Any party to this Action, including all of its officers, employees, retained experts, In-House Counsel, and Outside Counsel (and their support staffs).

3.14   <u>Producing Party</u>:  A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.15   <u>Professional Vendors</u>:  Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.16   <u>Protected Material</u>:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

3.17   <u>Receiving Party</u>:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**4.   <u>SCOPE</u>**

The protections conferred by this Stipulated Protective Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Stipulated Protective Order does not govern the use of Protected Material at trial.

**5.   <u>DURATION</u>**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Stipulated Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this

1  Action, with or without prejudice; or (2) final judgment herein after the completion
2  and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,
3  including the time limits for filing any motions or applications for extension of time
4  pursuant to applicable law.

5  **6.    DESIGNATING PROTECTED MATERIAL**

6      6.1    Exercise of Restraint and Care in Designating Material for Protection.

7          Each Party or Nonparty that designates information or items for
8  protection under this Stipulated Protective Order must take care to limit
9  any such designation to specific material that qualifies under the
10  appropriate standards.

11          Mass, indiscriminate, or routinized designations are prohibited.
12  Designations that are shown to be clearly unjustified or that have been
13  made for an improper purpose (e.g., to unnecessarily encumber the case
14  development process or to impose unnecessary expenses and burdens on
15  other parties) may expose the Designating Party to sanctions.

16      6.2    Manner and Timing of Designations.

17          Except as otherwise provided in this Stipulated Protective Order
18  (see, e.g., Section 6.2(a)), or as otherwise stipulated or ordered,
19  Disclosure or Discovery Material that qualifies for protection under this
20  Stipulated Protective Order must be clearly so designated before the
21  material is disclosed or produced.

22          Designation in conformity with this Stipulated Protective Order
23  requires the following:

24          a)    For information in documentary form (*e.g.*, paper or
25              electronic documents, but excluding transcripts of
26              depositions or other pretrial or trial proceedings), that the
27              Producing Party affix at a minimum, the legend
28              "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

LEVINSON ARSHONSKY & KURTZ, LLP

ATTORNEYS' EYES ONLY" to each document that contains Protected Material.

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to the Protected Material.

b) For testimony given in depositions, any party may designate any portion of a deposition as Protected Material by notifying the other parties on the record during the deposition or in writing within thirty calendar days after receipt of the deposition transcript. The deposition transcript shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" during this thirty-day period.

c) For information produced in nondocumentary form, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend

LEVINSON ARSHONSKY & KURTZ, LLP

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—
ATTORNEYS' EYES ONLY."  If only a portion or portions
of the information warrants protection, the Producing Party,
to the extent practicable, shall identify the protected
portion(s).

6.3    Inadvertent Failure to Designate.

If timely corrected, an inadvertent failure to designate qualified
information or items does not, standing alone, waive the Designating
Party's right to secure protection under this Stipulated Protective Order
for such material.  Upon timely correction of a designation, the Receiving
Party must make reasonable efforts to assure that the material is treated in
accordance with the provisions of this Stipulated Protective Order.

7.    **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1    Timing of Challenges.

Any Party or Nonparty may challenge a designation of
confidentiality at any time that is consistent with the Court's Scheduling
Order.

7.2    Meet and Confer.

The Challenging Party shall initiate the dispute resolution process,
which shall comply with Local Rule 37.1 et seq., and with Section 4 of
Judge Audero's Procedures ("Mandatory Telephonic Conference for
Discovery Disputes").

7.3    Burden of Persuasion.

The burden of persuasion in any such challenge proceeding shall
be on the Designating Party.  Frivolous challenges, and those made for an
improper purpose (e.g., to harass or impose unnecessary expenses and
burdens on other parties) may expose the Challenging Party to sanctions.

STIPULATED PROTECTIVE ORDER

LEVINSON ARSHONSKY & KURTZ, LLP

Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 8.   ACCESS TO AND USE OF PROTECTED MATERIALS

8.1   Basic Principles.

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2   Disclosure of "CONFIDENTIAL" Information or Items.

Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

a)   The Receiving Party's Outside Counsel, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this Action;

b)   The officers and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

LEVINSON ARSHONSKY & KURTZ, LLP

c)  Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

d)  The Court and its personnel;

e)  Court reporters and their staff;

f)  Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary or this Action and who have signed the "Acknowledgment and Agreement to be Bound" (Exhibit A);

g)  The Designating Party or its officers, directors, or employees;

h)  The author or recipient of a document containing the information;

i)  During their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and (ii) the witness will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

LEVINSON ARSHONSKY & KURTZ, LLP

j) Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

k) The officer taking, reporting, or videotaping a deposition and employees of such officer to the extent necessary to prepare the transcript or video of the deposition; and

l) Any other person to whom the Designating Party agrees in writing.

8.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items.

  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced in this Action may be viewed by or read or described to only the following persons:

a) The Receiving Party's Outside Counsel;

b) Upon execution of the "Acknowledgment and Agreement to be Bound" in the form attached as Exhibit A, Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action;

c) The Court and its personnel;

d) Court reporters and their staff;

e) The Designating Party or its officers, directors, or employees;

f) The author or recipient of a document containing the information;

g) Upon execution of the "Acknowledgment and Agreement to be Bound" in the form attached as Exhibit A, any mediator

LEVINSON ARSHONSKY & KURTZ, LLP

1  or settlement officer, and their supporting personnel,

2  mutually agreed upon by any of the parties engaged in

3  settlement discussions;

4     h)   The officer taking, reporting, or videotaping a deposition

5  and employees of such officer to the extent necessary to

6  prepare the transcript or video of the deposition; and

7     i)   Any other person to whom the Designating Party agrees in

8  writing.

9

10  **9.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED**

11  **IN OTHER LITIGATION**

12       If a Party is served with a subpoena or a court order issued in other litigation

13  that compels disclosure of any information or items designated in this Action as

14  "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

15  ONLY" that Party must:

16     a) Promptly notify in writing the Designating Party.  Such

17  notification shall include a copy of the subpoena or court

18  order;

19     b)   Promptly notify in writing the party who caused the

20  subpoena or order to issue in the other litigation that some or

21  all of the material covered by the subpoena or order is

22  subject to this Stipulated Protective Order.  Such notification

23  shall include a copy of this Stipulated Protective Order; and

24     c)   Cooperate with respect to all reasonable procedures sought

25  to be pursued by the Designating Party whose Protected

26  Material may be affected.

27  If the Designating Party timely seeks a protective order, the Party served with the

28  subpoena or court order shall not produce any information designated in this action as

12

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the Court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.    A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1    Application.

The terms of this Stipulated Protective Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."  Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order.  Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2    Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

a)    Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

STIPULATED PROTECTIVE ORDER

LEVINSON ARSHONSKY & KURTZ, LLP

      b)     Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

      c)     Make the information requested available for inspection by the Nonparty, if requested.

10.3   Conditions of Production.

     If the Nonparty fails to seek a protective order from this Court within fourteen (14) days after receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party immediately must (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to be Bound" (Exhibit A).

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

12.1   <u>Effect of Producing Claimed Privileged Information.</u>

Pursuant to Federal Rule of Evidence 502(d), if a Producing Party discloses information in connection with the pending litigation that the Producing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection, the disclosure of that Claimed Privileged Information shall not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Claimed Privileged Information and its subject matter, unless the Producing Party failed to take reasonable steps to prevent disclosure.

12.2   <u>Procedure for Producing Party.</u>

The Producing Party shall, promptly after the discovery of the inadvertent disclosure, notify the Receiving Parties, in writing, that it has disclosed Claimed Privileged Information without intending a waiver by the disclosure.  The Producing Party must explain in the notification as specifically as possible why the Claimed Privileged Information is privileged or protected.  The Producing Party shall identify the Claimed Privileged Information by Bates-stamped number.  If the Claimed Privileged Information is not Bates-stamped, the Producing Party shall identify the Claimed Privileged Information in a manner that reasonably permits the Receiving Parties to easily locate the Claimed Privileged Information at issue.

12.3   <u>Procedure for Receiving Parties.</u>

Upon receiving notification of the inadvertent disclosure, each Receiving Party must—unless it contests the claim of attorney-client

STIPULATED PROTECTIVE ORDER

LEVINSON ARSHONSKY & KURTZ, LLP

privilege or work product protection in accordance with Paragraph 12.4—promptly (i) notify the Producing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Claimed Privileged Information and any reasonably accessible copies it has, and (ii) provide a certification that it will cease further review, dissemination, and use of the Claimed Privileged Information. For purposes of this Order, Claimed Privileged Information that has been stored on a source of electronically stored information that is not reasonably accessible, such as backup storage media, is sequestered. If such data is retrieved, each Receiving Party must promptly take steps to delete or sequester the restored protected information.

12.4    <u>Challenging Claims of Privileged Information.</u>

Any challenge to the Producing Party's claim of privilege or work product protection shall be made, in writing, by any Receiving Party within ten days after being notified of the Producing Party's request to clawback the Claimed Privileged Information. The parties shall promptly meet and confer, in person or by telephone, to determine if the challenge can be resolved without judicial intervention. If the parties are unable to resolve the dispute, the Producing Party shall move the Court for a Protective Order compelling the return or destruction of the Claimed Privileged Information. The Motion for a Protective Order, response to the motion, and reply memorandum may be filed under seal, if appropriate. Pending resolution of the Motion for a Protective Order, the Receiving Parties must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Motion for Protective Order.

12.5    <u>Attorneys' Ethical Responsibilities.</u>

STIPULATED PROTECTIVE ORDER

LEVINSON ARSHONSKY & KURTZ, LLP

1   Nothing in this Order overrides any attorney's ethical

2   responsibilities to refrain from examining or disclosing materials that the

3   attorney knows, or reasonably should know, to be privileged and to

4   inform the Producing Party that such materials have been produced.

5   12.6   Burden of Establishing Privilege or Protected Nature.

6   The Producing Party retains the burden—upon challenge pursuant

7   to Paragraph 12.4—of establishing the privileged or protected nature of

8   the Claimed Privileged Information.

9   12.7   In Camera Review.

10   Nothing in this Order limits the right of any party to petition the

11   Court for an in camera review of the Claimed Privileged Information.

12   12.8   Voluntary Waiver.

13   This Order does not preclude a party from voluntarily waiving the

14   attorney-client privilege or work product protection.  The provisions of

15   Fed. R. Evid. 502(a) apply when the Producing Party uses or indicates

16   that it may use information produced under this Order to support a claim

17   or defense.

18

19   **13.    MISCELLANEOUS**

20   13.1   Right to Further Relief.

21   Nothing in this Stipulated Protective Order abridges the right of

22   any person to seek its modification by the Court in the future.

23   13.2   Right to Assert Other Objections.

24   By stipulating to the entry of this Stipulated Protective Order, no

25   Party waives any right it otherwise would have to object to disclosing or

26   producing any information or item on any ground not addressed in this

27   Stipulated Protective Order.  Similarly, no Party waives any right to

28

LEVINSON ARSHONSKY & KURTZ, LLP

STIPULATED PROTECTIVE ORDER

object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

13.3    Filing Protected Material.

A Party that seeks to file under seal any Protected Material must comply with Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4    Successors.

This Protective Order shall be binding upon the Parties hereto, their attorneys, and their successors, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

## 14.    FINAL DISPOSITION

After the final disposition of this Action, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel is entitled to retain an archival copy of all

LEVINSON ARSHONSKY & KURTZ, LLP

pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Stipulated Protective Order as set forth in Section 5.

## 15.   <u>VIOLATION</u>

Any violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: November 18, 2021          LEVINSON ARSHONSKY & KURTZ, LLP

By: _/s/ Anne C. Manalili_
Richard I. Arshonsky, State Bar No. 155624
Anne C. Manalili, State Bar No. 193483
15303 Ventura Boulevard, Ste. 1650
Sherman Oaks, CA 91403
rarshonsky@laklawyers.com
amanalili@laklawyers.com

Douglas Gansler (*pro hac vice*)
Mark Grider (*pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
700 Sixth Street, NW
Washington, DC 20001
douglas.gansler@cwt.com
mark.grider@cwt.com

Jonathan M. Watkins (*pro hac vice*)
Aaron C. Lang (*pro hac vice*)
CADWALADER, WICKERSHAM & TAFT LLP
227 West Trade Street
Charlotte, NC 28202
jonathan.watkins@cwt.com
aaron.lang@cwt.com

*Attorneys for Plaintiff and Counterclaim-Defendant Nationwide Tax Experts, Inc., and Cross-Claim Defendants Next Level Advisors, Inc., Greenlaw Consulting Group, Inc., Allstate Tax Group, LLC, Patrick Oakes, Nicholas Johnson, Michael Sasson,*

*Michael Gray, Matthew Levy, Joseph Lancaster, Erich Magiar, and Andrew Rios*

Dated: November 18, 2021        KIRAKOSIAN LAW APC

By: _/s/ Greg L. Kirakosian_
Greg L. Kirakosian (SBN 294580)
greg@kirakosianlaw.com
Historic Engine Co. No. 28
644 South Figueroa Street
Los Angeles, California 90017
Telephone: (213) 986-5389
Facsimile: (213) 986-5389

*Attorneys for Defendant and Counterclaim-Plaintiff American Tax Solutions, Inc. and Defendants American Tax Solutions, LLC, Terrance Selb, Tyler Bennet, Geoff Plourde, and GetATaxLawyer.com, LLC*

Dated:  November 18, 2021       LAW OFFICES OF DAVID N. LAKE, APC

By: _/s/ David N. Lake_
David N. Lake
16130 Ventura Blvd., Suite 650
Encino, CA 91436
david@lakelawpc.com

*Attorneys for Defendants Ben Graupner and Ben Graupner Inc. d/b/a Tax Debt Group*

*\* Pursuant to L.R. 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: November 18, 2021

_____
Maria A. Audero
United States Magistrate Judge

STIPULATED PROTECTIVE ORDER

LEVINSON ARSHONSKY & KURTZ, LLP

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____[full name], of _____

_____[address], declare under penalty of perjury that I have

read in its entirety and understand the Stipulated Protective Order that was issued by

the United States District Court for the Central District of California on _____

_____ [date] in the case of *Nationwide Tax Experts, Inc. v. Terrance Selb et al.*, 2:20-

cv-10090-CAS-MAA (C.D. Cal. Nov. 3, 2020).  I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order, and I understand and

acknowledge that failure to so comply could expose me to sanctions and punishment

in the nature of contempt.  I solemnly promise that I will not disclose in any manner

any information or item that is subject to this Stipulated Protective Order to any

person or entity except in strict compliance with the provisions of this Stipulated

Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.  I hereby appoint _____ [full name] of

_____ [address and telephone number] as

my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

LEVINSON ARSHONSKY & KURTZ, LLP

21

STIPULATED PROTECTIVE ORDER

# CERTIFICATE OF SERVICE

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Los Angeles, State of California.  My business address is 15303 Ventura Blvd., Suite 1650, Sherman Oaks, CA 91403.

☒ **(BY CM/ECF SYSTEM)**  On the date below, I caused to be electronically filed the following document(s) described as: **STIPULATED PROTECTIVE ORDER** with the Clerk of the United States District Court of Central District of California, using the *CM/ECF* System. The Court's *CM/ECF* System will send an e-mail notification of the foregoing filing to the following parties (or on the attached service list) and counsel of record who are registered with the Court's *CM/ECF* System:

**Richard I. Arshonsky**
rarshonsky@laklawyers.com,sgrindstaff@laklawyers.com

**Douglas Gansler**
douglas.gansler@cwt.com

**Mark A. Grider**
mark.grider@cwt.com

**Gregory Levon Kirakosian**
greg@kirakosianlaw.com

**David N. Lake**
david@lakelawpc.com

**Aaron C. Lang**
aaron.lang@cwt.com,nyecfnotice@cwt.com

**Anne C Manalili**
acmecf@laklawyers.com

**Jonathan M. Watkins**
jonathan.watkins@cwt.com,nyecfnotice@cwt.com

☐ **(BY EMAIL)**  On the date below, I caused the following documents(s) described as:

I declare that I am employed in the office of a member of the Bar of, or permitted to practice before, this Court at whose direction the service was made and declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 18, 2021 at Sherman Oaks, California.

Natalie M. Lessard _____     */s/ Natalie M. Lessard* _____
                                                              *Signature*

LEVINSON ARSHONSKY & KURTZ, LLP

569-041/1068674

CERTIFICATE OF SERVICE